**EXHIBIT**

**A**

tabbies®

## Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

**Run Date and Time: 5/7/2021 - 14:37:10**

| GD-21-003175 | |
|---|---|
| | Andrews etal vs D2 Logistics Inc. etal |

**Filing Date:**

**4/1/2021**

**Related Cases:**

**Consolidated Cases:**

**Judge:**

**No Judge**

**Amount In Dispute:**

**$ 0**

**Case Type:**

**Motor Vehicle Accident**

**Court Type:**

**General Docket**

**Current Status:**

**Praecipe for Appearance**

**Jury Requested:**

**J**

### --Parties--

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Andrews | Martha | | Plaintiff | | -- | Scott D. Glassmith |
| Andrews | Leonard | Scott | Plaintiff | | -- | Scott D. Glassmith |
| Gibson | Dwaine | | Defendant | 237 Alexander Street Newark NJ 07106 | -- | John T Pion |
| D2 Logistics Inc. | | | Defendant | 52 Butler Street Elizabeth NJ 07206 | -- | John T Pion |

### --Attorney--

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Glassmith | Scott | D. | Plaintiff's Attorney | 700 Grant Building 310 Grant Street Pittsburgh PA 15219 | 4122812200 |
| Pion | John | T | Defendant's Attorney | PION, NERONE, GIRMAN etal P.C. 1500 One Gateway Center Suite 400 Pittsburgh PA 15222 | 4122812288 |

### --Non Litigants--

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| | | | | | |

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| No Litigants Found | | | | | |

| --Docket Entries-- | | | |
|---|---|---|---|
| Filing Date | Docket Type | Docket Text | Filing Party |
| 4/23/2021 | Praecipe for Appearance | For Defendants. | John Pion T |
| 4/1/2021 | Complaint | | Martha Andrews |

| --Judgments Against-- | | |
|---|---|---|
| Name | Amount | Satisfied(Y,N) |
| No Judgments Found | | |

| --Events Schedule-- | | | |
|---|---|---|---|
| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
| No Information Found | | | |

Writ of Complaint

Page 1 of 1

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.
You are hereby notified that on 04/01/2021
a COMPLAINT has been filed in this case
and you are required to serve the same on or before the
05/01/2021
Michael McGeever, Director
Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) | Case Number: |
|---|---|
| **Andrews, Martha** | **GD-21-003175** |
| | |
| **Andrews, Leonard Scott** | Type of pleading: |
| | **Complaint** |
| | |
| | Filed on behalf of: |
| | **Andrews Martha** |
| | |
| | <u>Glassmith D. Scott</u> |
| | (Name of filing party) |

| Defendant(s) | VS |
|---|---|
| | [X]   Counsel of Record |
| **Gibson, Dwaine** | |
| | [ ]   Individual, If Pro Se |
| **D2 Logistics Inc.,** | |
| | Name, Address and Telephone Number: |
| | **Glassmith D. Scott** |
| | **700 Grant Building** |
| | **310 Grant Street** |
| | **Pittsburgh, PA, 15219** |
| | **412 2812200** |
| | **412 3919600** |
| | Attorney's State ID: 27557 |

**Michael McGeever, Director, Department of Court Records**

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ Allegheny _____ **County**

| | |
|---|---|
| *For Prothonotary Use Only:* | |
| Docket No: | GD-21-3175 |

*The information collected on this form is used solely for court administration purposes.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
☒ Complaint  ☐ Writ of Summons  ☐ Petition
☐ Transfer from Another Jurisdiction  ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Martha Andrews and Leonard Andrews | D2 Logistics, Inc. and Dwalne Gibson |

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested: (check one)
☐ within arbitration limits
☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No   **Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney:  Scott D. Glassmith

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**.  If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☒ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☐ Slander/Libel/ Defamation
☐ Other:

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other

☐ Other:

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other

☐ Zoning Board
☐ Other:

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

**MARTHA ANDREWS and
LEONARD ANDREWS,**

      Plaintiffs,

v.

**D2 LOGISTICS, INC. and
DWAINE GIBSON,**

      Defendants.

No. GD-21-3175

**JURY TRIAL DEMANDED**

**COMPLAINT**

Filed on behalf of Plaintiffs

Counsel of record for this party:

Scott D. Glassmith, Esq.
PA ID #27557
sdg@gislaw.com

Gismondi & Associates, P.C.
Firm #858

310 Grant Street
Suite 700
Pittsburgh PA 15219

412-281-2200 tel
412-281-6302 fax

DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY, PA
2021 APR -1  AM 11:38

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

## NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Lawyer Referral Service**
**Allegheny County Bar Association**
**400 Koppers Building**
**436 7th Avenue, 3rd Floor**
**Pittsburgh, PA 15219**
**(412) 261-5555**

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Gismondi & Associates P.C.

Signature: _____

Name: Scott D. Glassmith

Attorney No. 27557

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

MARTHA ANDREWS and )
LEONARD SCOTT ANDREWS, )
                                )
           Plaintiffs, )    No.
                                )
    v. )
                                )
D2 LOGISTICS, INC. and )
DWAINE GIBSON, )
                                )
           Defendants. )

## **COMPLAINT IN CIVIL ACTION**

      AND NOW, come the Plaintiffs, Martha Andrews and Leonard Scott Andrews, by and

through their attorney, Scott D. Glassmith, Esquire, and file the following Complaint in Civil

Action:

      1.      Plaintiff, Martha Andrews, is an adult individual and resident of the State of

Virginia.

      2.      Plaintiff, Leonard Scott Andrews, is an adult individual and resident of the State

of Virginia.

      3.      Defendant Dwaine Gibson is an adult individual residing at 237 Alexander Street,

Newark, Essex County, New Jersey, 07106.

      4.      Defendant D2 Logistics Inc. is a corporation incorporated in New Jersey with a

principal place of business located at 52 Butler Street, Elizabeth, New Jersey, 07206.

      5.      At all times material hereto, Defendant Dwaine Gibson was acting within the

scope of his duties as an employee, agent, and servant of D2 Logistics Inc.

6.     Defendants regularly do business throughout the Commonwealth of Pennsylvania, including Allegheny County.

7.     On or about September 30, 2019, Defendant Dwaine Gibson was traveling northbound on Interstate 81 in Dauphin County, Pennsylvania.

8.     Rather than wait in traffic with the other drivers traveling northbound, Defendant Dwaine Gibson made an illegal U-turn through a cross-median meant to be used for emergency turn-arounds only.

9.     When making the illegal U-turn, Defendant Dwaine Gibson crossed the left-hand passing lane and attempted to immediately enter the right-hand lane.

10.     At the time Defendant Dwaine Gibson made the illegal U-turn, Plaintiff Leonard Scott Andrews was operating a vehicle traveling southbound on Interstate 81 in Dauphin County, Pennsylvania. Plaintiff Martha Andrews was a front-seat passenger in the Plaintiff Leonard Scott Andrews's vehicle.

11.     Plaintiff Leonard Scott Andrews did not have any time to stop his vehicle, and the front end of the Plaintiffs' vehicle collided with Defendant Dwaine Gibson's truck/trailer.

12.     Plaintiff Martha Andrews and Plaintiff Leonard Scott Andrews sustained injuries in the collision and were transported by ambulance to Milton S. Hershey Medical Center. The Plaintiffs' vehicle was towed from the scene of the accident.

13.     Plaintiff Martha Andrews and Plaintiff Leonard Scott Andrews's injuries and damages, as more fully set forth herein, are a direct and factual result of the Defendants' negligence, jointly, severally, and individually as more fully set forth herein.

## COUNT I – NEGLIGENCE
### Martha Andrews v. Dwaine Gibson

14.     All preceding paragraphs of this Complaint are incorporated by reference as if the same were fully set forth at length herein.

15.     The Plaintiff's injuries and damages are a direct and factual result of the negligence and reckless indifference to others conduct of Defendant Dwaine Gibson as follows:

      a.   In making an illegal U-turn using a cross-median for emergency turn-arounds;

      b.   In making an improper entrance to the highway;

      c.   In failing to pay proper and reasonable attention to other vehicles on the road;

      d.   In failing to follow the rules of the road;

      e.   In driving into the Plaintiff's lane of travel;

      f.   In causing the collision with the Plaintiff's vehicle; and

      g.   In otherwise failing to exercise reasonable care and caution under the circumstances.

16.     Directly and factually as a result of the negligence of Defendant Gibson, the Plaintiff has suffered the following severe and serious injuries, some of which may be permanent in nature:

      a.   Right distal ulnar fracture;

      b.   Non-displaced manubrial fracture;

      c.   Retrosternal hematoma;

      d.   Right lower abdominal wall contusion;

      e.   Right ankle fracture;

      f.   Left knee pain;

      g.   Bruising of the left breast and abdomen;

h.   Hematoma of left forehead;

i.   Concussion;

j.   Extensor tenosynovitis of the right wrist;

k.   High grade full thickness tear of the triangular fibrocartilage complex;

l.   Early traumatic arthritis of the carpometacarpal joint of the right thumb;

m.   Radial tunnel syndrome;

n.   Lateral epicondylitis of the right elbow; and

o.   Surgical scarring.

17.   Directly and factually as a result of Defendant Dwaine Gibson's negligence, the Plaintiff has suffered the following damages:

a.   Plaintiff has incurred in the past, and may incur in the future, substantial medical expenses;

b.   Plaintiff has suffered in the past, and may suffer in the future, substantial pain, suffering, embarrassment, and inconvenience:

c.   Plaintiff has sustained in the past, and may sustain in the future, wage loss and loss of earning capacity;

d.   Plaintiff has sustained in the past, and may sustain in the future, loss of certain pleasures of life;

e.   Plaintiff has sustained disfigurement; and

f.   Plaintiff has sustained loss of consortium.

18.   Defendant Dwaine Gibson's conduct on or about September 30, 2019 was outrageous as he acted in a malicious, wanton, willful, and/or oppressive manner. Moreover, Defendant Dwaine Gibson's conduct showed a reckless indifference to the interests of others. Thus, Plaintiff seeks punitive damages against Defendant Dwaine Gibson.

4

WHEREFORE, the Plaintiff, Martha Andrews, demands judgement against Defendant Dwaine Gibson, in an amount in excess of the applicable arbitration limits.

## COUNT II – NEGLIGENCE
### Martha Andrews v. D2 Logistics Inc.

19.     All the preceding paragraphs of this Complaint are incorporated by reference as if the same were fully set forth at length herein.

20.     Defendant, D2 Logistics Inc., by and through its servants, agents, and/or employees, was negligent, careless, and/or reckless in the following particulars:

      a. Defendant is vicariously liable for acts and omissions of its employee, agent, and/or servant Defendant Dwaine Gibson;

      b. In failing to properly train defendant driver Dwaine Gibson;

      c. In failing to properly investigate the background of defendant driver Dwaine Gibson;

      d. In negligently hiring defendant driver Dwaine Gibson; and

      e. In allowing defendant driver Dwaine Gibson to operate its vehicle when they knew or should have known he was not qualified to do same.

21.     Directly and factually as a result of the negligence of Defendant D2 Logistics Inc., the Plaintiff has suffered the following severe and serious injuries, some of which may be permanent in nature:

      a. Right distal ulnar fracture;

      b. Non-displaced manubrial fracture;

      c. Retrosternal hematoma;

      d. Right lower abdominal wall contusion;

      e. Right ankle fracture;

5

f.   Left knee pain;

g.   Bruising of the left breast and abdomen;

h.   Hematoma of left forehead;

i.   Concussion;

j.   Extensor tenosynovitis of the right wrist;

k.   High grade full thickness tear of the triangular fibrocartilage complex;

l.   Early traumatic arthritis of the carpometacarpal joint of the right thumb;

m.  Radial tunnel syndrome;

n.   Lateral epicondylitis of the right elbow; and

o.   Surgical scarring.

22.   Directly and factually as a result of Defendant D2 Logistic Inc.'s negligence, the

Plaintiff has suffered the following damages:

a.   Plaintiff has incurred in the past, and may incur in the future, substantial medical expenses;

b.   Plaintiff has suffered in the past, and may suffer in the future, substantial pain, suffering, embarrassment, and inconvenience;

c.   Plaintiff has sustained in the past, and may sustain in the future, wage loss and loss of earning capacity;

d.   Plaintiff has sustained in the past, and may sustain in the future, loss of certain pleasures of life;

e.   Plaintiff has sustained disfigurement; and

f.   Plaintiff has sustained loss of consortium.

WHEREFORE, the Plaintiff, Martha Andrews, demands judgement against Defendant

D2 Logistics Inc., in an amount in excess of arbitration limits.

## COUNT III – NEGLIGENCE
### Leonard Scott Andrews v. Dwaine Gibson

23.     All the preceding paragraphs of this Complaint are incorporated by reference as if the same were fully set forth at length herein.

24.     The Plaintiff's injuries and damages are a direct and factual result of the negligence and reckless indifference to others conduct of Defendant Dwaine Gibson as follows:

      a.   In making an illegal U-turn using a cross-median for emergency turn-arounds;

      b.   In making an improper entrance to the highway;

      c.   In failing to pay proper and reasonable attention to other vehicles on the road;

      d.   In failing to follow the rules of the road;

      e.   In driving into the Plaintiff's lane of travel;

      f.   In causing the collision with the Plaintiff's vehicle; and

      g.   In otherwise failing to exercise reasonable care and caution under the circumstances.

25.     Directly and factually as a result of the negligence of Defendant Dwaine Gibson, the Plaintiff has suffered the following severe and serious injuries, some of which may be permanent in nature:

      a.   Fracture at the base of the third metacarpal;

      b.   Upper chest pain;

      c.   Facial abrasions;

      d.   Hamstring pain; and

      e.   Tinnitus.

26.     Directly and factually as a result of Defendant Dwaine Gibson's negligence, the Plaintiff has suffered the following damages:

    a.  Plaintiff has incurred in the past, and may incur in the future, substantial medical expenses;

    b.  Plaintiff has suffered in the past, and may suffer in the future, substantial pain, suffering, embarrassment, and inconvenience;

    c.  Plaintiff has sustained in the past, and may sustain in the future, wage loss and loss of earning capacity;

    d.  Plaintiff has sustained in the past, and may sustain in the future, loss of certain pleasures of life; and

    e.  Plaintiff has sustained loss of consortium.

27.  Defendant Dwaine Gibson's conduct on or about September 30, 2019 was outrageous as he acted in a malicious, wanton, willful, and/or oppressive manner. Moreover, Defendant Dwaine Gibson's conduct showed a reckless indifference to the interests of others. Thus, Plaintiff seeks punitive damages against Defendant Dwaine Gibson.

WHEREFORE, the Plaintiff, Leonard Scott Andrews, demands judgement against Defendant Dwaine Gibson, in an amount in excess of arbitration limits.

### COUNT IV – NEGLIGENCE
### Leonard Scott Andrews v. D2 Logistics Inc.

28.  All the preceding paragraphs of this Complaint are incorporated by reference as if the same were fully set forth at length herein.

29.  Defendant, D2 Logistics Inc., by and through its servants, agents, and/or employees, was negligent, careless, and/or reckless in the following particulars:

    a.  Defendant is vicariously liable for acts and omissions of its employee, agent, and/or servant Defendant Dwaine Gibson;

    b.  Failing to properly train Defendant driver Dwaine Gibson;

c.  Failing to properly investigate the background of defendant driver Dwaine Gibson;

d.  In negligently hiring Defendant driver Dwaine Gibson; and

e.  In allowing Defendant driver, Dwaine Gibson to operate its vehicle when they knew or should have known he was not qualified to do same.

30.  Directly and factually as a result of the negligence of Defendant D2 Logistics Inc., the Plaintiff has suffered the following severe and serious injuries, some of which may be permanent in nature:

a.  Fracture at the base of the third metacarpal;

b.  Upper chest pain;

c.  Facial abrasions;

d.  Hamstring pain; and

e.  Tinnitus.

31.  Directly and factually as a result of Defendant D2 Logistics Inc.'s negligence, the Plaintiff has suffered the following damages:

a.  Plaintiff has incurred in the past, and may incur in the future, substantial medical expenses;

b.  Plaintiff has suffered in the past, and may suffer in the future, substantial pain, suffering, embarrassment, and inconvenience;

c.  Plaintiff has sustained in the past, and may sustain in the future, wage loss and loss of earning capacity;

d.  Plaintiff has sustained in the past, and may sustain in the future, loss of certain pleasures of life; and

e.  Plaintiff has sustained loss of consortium.

9

WHEREFORE, the Plaintiff, Leonard Scott Andrews, demands judgement against Defendant D2 Logistics Inc., in an amount in excess of arbitration limits.

JURY TRIAL DEMANDED.

Respectfully submitted by:

Scott D. Glassmith, Esquire
Attorney for Plaintiffs

<u>VERIFICATION</u>

I hereby verify that the facts in the within _____*Complaint*_____

are true and correct to the best of my knowledge, information and belief.  This statement is

made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to

authorities and is given pursuant to the provisions for verification of pleadings as defined and

provided for in Rule 1024 of the Pennsylvania Rules of Civil Procedure.

Dated: _4/1/2021_

<u>VERIFICATION</u>

I hereby verify that the facts in the within _*Complaint*_

are true and correct to the best of my knowledge, information and belief.  This statement is

made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to

authorities and is given pursuant to the provisions for verification of pleadings as defined and

provided for in Rule 1024 of the Pennsylvania Rules of Civil Procedure.

*Leonard Salt Arh*

Dated: _7/1/2021_

No. GD 21-3175

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARTHA ANDREWS and LEONARD ANDREWS,<br><br>       Plaintiffs,<br><br>v.<br><br>D2 LOGISTICS, INC. and DWAINE GIBSON,<br><br>       Defendants. | CIVIL DIVISION<br><br>No. GD 21-3175<br><br>Issue No.<br><br>**PRAECIPE FOR APPEARANCE**<br><br>Code:<br><br>Filed on behalf of D2 Logistics, Inc. and Dwaine Gibson, Defendants<br><br>Counsel of record for these parties:<br><br>John T. Pion, Esquire<br>PA I.D. #43675<br>jpion@pionlaw.com<br><br>Paul A. Custer, Esquire<br>PA I.D. #87628<br>pcuster@pionlaw.com<br><br>PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.<br>1500 One Gateway Center<br>Pittsburgh, PA 15222<br>412-281-2288 |

**JURY TRIAL DEMANDED**

No. GD 21-3175

IN THE COURT OF COMMON PLEAS OF ALLEHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

MARTHA ANDREWS and LEONARD        )
ANDREWS,                          )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )     No. GD 21-3175
                                  )
D2 LOGISTICS, INC. and DWAINE     )
GIBSON,                           )
                                  )
          Defendants              )

## **PRAECIPE FOR APPEARANCE**

To the Department of Court Records/Civil Division:

Kindly enter the appearance of John T. Pion, Esquire, Paul A. Custer, Esquire and Pion,

Nerone, Girman, Winslow & Smith, P.C. in the above-captioned matter on behalf of Defendants,

D2 Logistics, Inc. and Dwaine Gibson.

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By_____
          John T. Pion
          Paul A. Custer

1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA  15222
412-281-2288

Counsel for Defendants, D2 Logistics, Inc.
and Dwaine Gibson.

No. GD 21-3175

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Praecipe for Appearance was served upon counsel of record *via email* this 23rd day of April, 2021, as follows:

Scott D. Glassmith, Esquire
Gismondi & Associates, P.C.
310 Grant Street
Suite 700
Pittsburgh, PA 15219
sdg@gislaw.com
*(Attorney for Plaintiffs)*

By _____
John T. Pion

3