# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTHA ANDREWS and LEONARD ANDREWS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 21-611 |
| D2 LOGISTICS, INC. and DWAINE GIBSON, | ) ) ) | Judge Nora Barry Fischer |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 11th day of May, 2021, upon consideration of the Notice of Removal and Complaint in this matter, (Docket No. 1), and having considered all of the relevant factors for a discretionary transfer under both 28 U.S.C. § 1406(a) for improper venue and, alternatively, 28 U.S.C. § 1404(a), if venue appropriately lies in this district, *see e.g., Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995)* (private and public factors which must be considered prior to issuing a discretionary transfer under 28 U.S.C. § 1404(a)); *Decker v. Dyson,* 165 F. App'x 951, n.3 (3d Cir. 2006) ("Under 28 U.S.C. § 1406(a), a district court, upon a motion or sua sponte, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice"),

IT IS HEREBY ORDERED that this case is TRANSFERRED to the U.S. District Court for the Middle District of Pennsylvania, forthwith, as such a transfer is in the interests of justice;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

In so holding, the Court finds that a transfer to the U.S. District Court for the Middle District of Pennsylvania is in the interests of justice for several reasons. *See e.g.,* 28 U.S.C. §§ 1404(a), 1406(a); *see also Danzinger & De Llano, LLP v. Morgan Verkamp LLC,* 948 F.3d 124, 132 (3d Cir.

1

2020) (recognizing that District Court may sua sponte transfer a case in the interests of justice).

First, the U.S. District Court for the Western District of Pennsylvania is an improper venue for this lawsuit between citizens of Virginia and New Jersey who were involved in an automobile accident in Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, on September 30, 2019.  *See* 28 U.S.C. § 1391(a) ("A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").  Indeed, there are no allegations in the Notice of Removal or Plaintiffs' complaint indicating that any of the activities of this lawsuit took place in this District.  (*See* Docket Nos. 1; 1-1).  Accordingly, the Court exercises its broad discretion to transfer the matter to the U.S. District Court for the Middle District of Pennsylvania.  *See Decker v. Dyson*, 165 F. App'x at 951, n.3; *see also* 28 U.S.C. § 1406(a) ("[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Second, even if this District was a proper venue, a transfer to the Middle District of Pennsylvania is warranted under § 1404(a) after careful consideration of all of the relevant *Jumara* factors.  To that end, the Middle District of Pennsylvania is an appropriate venue where this lawsuit could have been filed initially as a substantial part of the events in question took place in Dauphin County, Pennsylvania.  *See* 28 U.S.C. 1391(b)(2).

Additionally, the relevant private *Jumara* factors, i.e., the first, third, fourth, and fifth, all

favor a transfer to that District because:

- Plaintiffs' choice of venue in Allegheny County is given little weight as they reside in Virginia;
- Plaintiffs "assert claims sounding in negligence relative to an automobile accident that occurred on or about September 30, 2019 in Dauphin County, Pennsylvania," on Interstate 81, Docket No. 1 at ¶ 2; they sustained injuries and were treated at the Milton S. Hersey Medical Center, Docket No. 1-1 at ¶¶ 12; and it appears that Defendant Dwaine Gibson received a citation from the Harrisburg Pennsylvania State Police arising from this incident in East Hanover Township, Dauphin County, *see Comm. v. Gibson*, MJ-12305-TR-0001932-2019;
- Defendants are residents of New Jersey but were doing business/operating a vehicle in Dauphin County at the time of the accident subjecting them to jurisdiction in that venue; and,
- the convenience of the parties and witnesses supports a transfer because non-party witnesses, including law enforcement and treating medical professionals, are based in Dauphin County.

*See Cable*, 2012 WL 1671350, at *3 ("a plaintiff's choice of venue is given less weight if the plaintiff chooses a venue in which he or she does not reside and in which none of the operative facts giving rise to the suit occurred").  Further, the fact that the attorneys for the parties reside in this District is not relevant to the analysis.  *See Northgate Processing, Inc. v. Spirongo Slag McDonald, LLC*, 2015 WL 7308675, at *4, n.3 (W.D. Pa. Nov. 19, 2015) ("the location of the office of Plaintiffs' lawyers in Pittsburgh is not controlling").

For essentially the same reasons, the relevant public *Jumara* factors, i.e., the second and fourth factors, also support a transfer.  *See Cable*, 2012 WL 1671350, at *4-5.  To this end, although during the COVID-19 pandemic the use of technology is certainly promoted by the Court, the practical considerations of litigating this case in Dauphin County, of which there is a local interest in motor vehicle accidents taking on its highways, is paramount to any interest in this case proceeding in this Court where there are no such connections.  *Id.*  Finally, while the Court finds that the

3

remaining private and public *Jumara* factors are neutral, the Court exercises the broad discretion afforded under 28 U.S.C. § 1404(a) and will transfer this matter to the U.S. District Court for the Middle District of Pennsylvania, forthwith.

IT IS SO ORDERED.


 *s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge


cc/ecf: counsel of record

Clerk of Court, U.S. District Court for the Middle District of Pennsylvania.